IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WALLY MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br>Civil Case No. 2:20-cv-433-TC<br>Criminal Case No. 2:01-cr-564-TC<br><br>Judge: Tena Campbell |

On June 23, 2020, Petitioner Wally Martinez filed a motion to vacate his conviction and correct his sentence under 28 U.S.C. § 2255 following the Supreme Court's decisions in United States v. Davis, 139 S. Ct. 2319 (2019), and Rehaif v. United States, 139 S. Ct. 2191 (2019). Mr. Martinez has subsequently acknowledged that his claims under Rehaif have been foreclosed by the Supreme Court in Greer v. United States, 141 S. Ct. 2090 (2021), and that his claims under Davis have been foreclosed by the Tenth Circuit in United States v. Baker, 49 F.4th 1348 (10th Cir. 2022). (See Suppl. Br., ECF No. 6.)

Nevertheless, Mr. Martinez requests a certificate of appealability to test the Tenth Circuit's conclusion that Hobbs Act robbery is categorically a crime of violence under the elements clause of 18 U.S.C. § 924(c), arguing that such a crime can be committed by threatening future harm to economic or financial property rather than through physical force.

1

The requirement to obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Martinez avers that this standard is met here. He points especially to the jury instructions used in the case, which instructed the jury to convict even if the crime was committed in a nonforcible way.

The government responds that the Tenth Circuit has already denied a request for a certificate of appealability on this issue, finding that "[b]inding Tenth Circuit precedent holds that Hobbs Act robbery is categorically a crime of violence under the elements clause in [18 U.S.C.] § 924(c)(3)(A)" and that "[r]easonable jurists could therefore not debate the district court's conclusion that [the defendant's] § 924(c) convictions remain valid after Davis." United States v. Perkins, No. 22-2043, 2022 WL 5140458, at *3 (10th Cir. Oct. 5, 2022) (unpublished), cert. denied, 143 S. Ct. 847 (2023).

The court agrees with the United States and therefore denies Mr. Martinez's request for a certificate of appealability. Because all Mr. Martinez's claims have now been foreclosed, the court denies his petition for a writ of habeas corpus.

## ORDER

The court DENIES Mr. Martinez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Court (ECF No. 1).

SO ORDERED this 14th day of April, 2023.

BY THE COURT:

_____
TENA CAMPBELL
U.S. District Court Judge

2